GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke (#241521)
Jonathan M. Rotter (#234137)
Alexa J. Mullarky (#307932)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Lead Plaintiff Gregory Callender
and the Proposed Plaintiff Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re CytRx Corporation Securities Litigation <br> _____ <br><br> NICHOLAS CRIHFIELD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CYTRX CORPORATION, STEVEN A. KRIEGSMAN, and JOHN Y. CALOZ, <br><br> Defendants | Case No.: 2:16-CV-05519-SJO-SK <br><br> **STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL** <br><br> [Discovery Document: Referred to Magistrate Judge Steve Kim] <br><br> Judge: Hon. S. James Otero <br> Crtrm.: 10C <br> Trial Date: December 11, 2018 <br> Time: 9:00 a.m. |

## 1. PURPOSES AND LIMITATIONS

Discovery in this Action (as defined below) is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Lead Plaintiff Gregory Callender ("Plaintiff") and Defendants CytRx Corporation ("CytRx"), Steven A. Kriegsman, and John Y. Caloz ("Defendants") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Rule 79-5 and this Court's Standing Order dated January 11, 2017 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, a protective order for such information is justified in this matter to: (1) expedite the flow of information, (2) facilitate the prompt resolution of disputes over

confidentiality of discovery materials, (3) adequately protect information the Parties are entitled to keep confidential, including information of a personal, confidential, or sensitive nature regarding any individual, (4) ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, (5) address their handling at the end of the litigation, and (6) serve the ends of justice. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

    3.1 Action: *In re CytRx Corp. Securities Litigation*, Case No. 2:16-cv-05519-SJO-SK.

    3.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    3.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4 Counsel: (1) attorneys who have been retained to represent or advise a Party to this Action and who have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or have otherwise advised a Party to this Action in connection with the Action, including support staff; (2) attorneys who are employees of a Party to this Action; and/or (3) attorneys representing an insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team.

    3.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

3.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.9     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs). For the avoidance of doubt, no putative class member other than a named plaintiff in the above-captioned litigation constitutes a Party to this Action, and no putative class member other than a named plaintiff may be given access to Protected Material.

3.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.11    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

/ / /

/ / /

**4. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose

unnecessary expenses and burdens on the Receiving Party) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2     Manner and Timing of Designations

Except as otherwise provided in this Order (*see, e.g.*, section 6.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b)     A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material

on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      c) For testimony given in depositions, the Designating Party may identify any Disclosure or Discovery Material on the record, before the close of the deposition, as protected testimony. In addition, any Party or Non-Party that sponsors, offers, or gives deposition testimony has up to thirty (30) days after the receipt of the written transcript to identify specific portions of the testimony as to which "CONFIDENTIAL" protection is sought. The entire transcript of any deposition will be treated as if designated "CONFIDENTIAL" until this thirty (30) day period has elapsed. Only those portions of the testimony that are properly designated for protection within thirty (30) days shall be covered by the provisions of this Order.

      d) The court reporter must affix on each page containing Protected Material the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

      e) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      6.3    <u>Inadvertent Failures to Designate</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

/ / /

/ / /

# 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

7.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. While a challenge is pending, unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>

<u>A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below.</u> Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a) the Receiving Party's Counsel in this Action, as well as employees of said Counsel, to whom it is reasonably necessary to disclose the information for this Action;

b) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c) the counsel representing insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A

e) the court and its personnel;

f) court reporters and their staff;

g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any Protected Material unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

Prior to the use of any Protected Material at a hearing to be held in open court, Counsel who desires to use such Protected Material shall take reasonable steps to afford Counsel for the Designating Party a reasonable opportunity to object to the disclosure in open court of such Protected Material.

8

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, providing a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

///

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Disclosure or Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree that the inadvertent disclosure or production of documents protected by the attorney-client privilege, work-product protection, or other privileges or protections will not constitute a waiver of the privilege or protection by the Designating Party in this Action or any other federal or state proceeding.

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with this Court's Standing Order dated January 11, 2017, which also refers the Parties to Local Rule 79-5.

13.4 <u>Party's Own Use</u>. This Order has no effect upon, and shall not apply to, the Parties' use of their own documents for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Protected Material that has been generated or obtained lawfully by that Party independently of these proceedings.

13.5 <u>Control of Documents</u>. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel

shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the final disposition of these proceedings.

  13.6 <u>Electronically-Stored Information</u>. All electronically-stored information ("ESI"), including Protected Material, shall be produced in the form and manner as set forth in the Parties' agreed ESI Protocol.

  13.7 All Disclosure or Discovery Material to be used only for this Action. All Disclosure or Discovery Material, other than Disclosure or Discovery Material that is publicly available, must be used by the Receiving Party solely for the purpose of this Action. Disclosure or Discovery Material produced to a Party or Parties, or their Counsel, shall not be used by any Party, or their Counsel, in any other litigation, or for any purpose other than the prosecution or defense of this Action.

**14. FINAL DISPOSITION**

  After the final disposition of this Action, as defined in paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 above.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[Signatures on following page]

| | | |
|---|---|---|
| 1 | DATED: November 2, 2017 | GLANCY PRONGAY & MURRAY LLP |
| 2 | | |
| 3 | | By: /s/ Kara M. Wolke |
| | | Kara M. Wolke |
| 4 | | Alexa J. Mullarky |
| | | 1925 Century Park East, Suite 2100 |
| 5 | | Los Angeles, California 90067 |
| | | Telephone: (310) 201-9150 |
| 6 | | Facsimile: (310) 201-9160 |
| | | Email: info@glancylaw.com |
| 7 | | |
| | | *Attorneys for Lead Plaintiff Gregory Callender and the Proposed Plaintiff Class* |
| 8 | | |
| 9 | | |
| 10 | DATED: November 2, 2017 | PEARSON, SIMON & WARSHAW, LLP |
| 11 | | |
| 12 | | By: /s/ Devon L. Hein |
| | | Clifford H. Pearson |
| 13 | | Michael H. Pearson |
| | | 15165 Ventura Boulevard, Suite 400 |
| 14 | | Sherman Oaks, California 91403 |
| | | Telephone: (818) 788-8300 |
| 15 | | Facsimile: (818) 788-8104 |
| | | Email: cpearson@pswlaw.com |
| 16 | | Email: mpearson@pswlaw.com |
| 17 | | Neil Swartzberg |
| | | 44 Montgomery Street, Suite 2450 |
| 18 | | San Francisco, California 94104 |
| | | Telephone: (415) 433-9000 |
| 19 | | Facsimile: (415) 433-9008 |
| | | Email: nswartzberg@pswlaw.com |
| 20 | | |
| | | Allen H. Lanstra |
| 21 | | Winston P. Hsiao |
| | | Devon L. Hein |
| 22 | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 23 | | 300 South Grand Avenue, Suite 3400 |
| | | Los Angeles, California 90071-3144 |
| 24 | | Telephone: (213) 687-5000 |
| | | Facsimile: (213) 687-5600 |
| 25 | | Email: allen.lanstra@skadden.com |
| | | winston.hsiao@skadden.com |
| 26 | | devon.hein@skadden.com |
| 27 | | *Attorneys for Defendants CytRx Corporation, Steven A. Kriegsman and John Y. Caloz* |
| 28 | | |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 3, 2017

_____
Honorable Steve Kim
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *In re CytRx Corp. Sec. Litig.*, Case No.: 2:16-CV-05519-SJO-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____