1
2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 3<br>4<br><br>In Re CytRx Corporation Securities<br>Litigation | Case No.: 2:16-CV-05519-SJO-SK<br><br>**CLASS ACTION** |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br><br>NICHOLAS CRIHFIELD, Individually<br>and on Behalf of All Others Similarly<br>Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTRX CORPORATION,<br>STEVEN A. KRIEGSMAN, and<br>JOHN Y. CALOZ,<br><br>Defendants. | Honorable S. James Otero<br><br>**STIPULATION AND<br>AGREEMENT OF SETTLEMENT** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

402568.1 CYTRX2016

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement, dated as of May 4, 2018 (the "Stipulation"), is entered into between: (a) Gregory Callender ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); and (b) CytRx Corporation ("CytRx") and Steven A. Kriegsman and John Y. Caloz (collectively, the "Individual Defendants," and, together with CytRx, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, resolve, release, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      Beginning on July 25, 2016, two class action complaints were filed in the United States District Court for the Central District of California, styled *Crihfield v. CytRx Corp., et al.*, Case No. 2:16-cv-05519-SJO-SK, and *Dorce v. CytRx Corp., et al.*, Case No. 2:16-cv-05666-SJO-SK.

B.      By Order dated October 26, 2016, the Court ordered that the cases be consolidated and re-captioned as *In re CytRx Corp. Sec. Litig.*, Case No. 2:16-cv-05519-SJO-SK; appointed Gregory Callender as Lead Plaintiff for the consolidated action; and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed plaintiff class.

C.      On January 13, 2017, Lead Plaintiff filed and served his First Amended Class Action Complaint for Violations of the Federal Securities Laws asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act; and on

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

January 25, 2017, Lead Plaintiff filed and served his corrected First Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "FAC"). Among other things, the FAC alleged that Defendants made materially false and misleading statements and/or failed to disclose that CytRx's pivotal global Phase 3 clinical trial of aldoxorubicin (the "Phase 3 Trial") did not conform to the Special Protocol Assessment ("SPA") governing the trial, and that as a result, the study's results were at significant risk of not being statistically significant. The FAC further alleged that the prices of CytRx's publicly traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the truth was revealed.

D.      On March 14, 2017, Defendants filed and served a motion to dismiss the FAC, as well as a request for judicial notice. On April 28, 2017, Lead Plaintiff filed and served his papers in opposition to the motion to dismiss and, on May 30, 2017, Defendants filed and served their reply papers. After the motion to dismiss was fully briefed, the Court granted the motion to dismiss on June 14, 2017, allowing Lead Plaintiff leave to amend.

E.      On June 29, 2017, Lead Plaintiff filed and served his Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC") – the operative complaint in this Action. The SAC, like the FAC, asserted claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The SAC alleged claims substantially similar to those alleged in the FAC, but also added information addressing the reasons the Court dismissed the FAC, including, among other things, an expert witness declaration and references to a U.S. Food and Drug Administration ("FDA") document entitled "Special Protocol Assessment Guidance for Industry" (May 2002).

F.      On July 14, 2017, Defendants filed and served their motion to dismiss

the SAC, as well as a request for judicial notice. On July 24, 2017, Lead Plaintiff filed and served his papers in opposition to the motion to dismiss, and on July 31, 2017, Defendants filed and served their reply papers. On August 14, 2017, the Court entered its Order that granted in part, and denied in part, Defendants' motion.

G.      On August 25, 2017, Defendants filed and served an answer to the SAC.

H.      With the automatic discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") having been lifted following the Court's order denying, in part, the motion to dismiss the SAC, the Parties exchanged Initial Disclosures on September 22, 2017. Thereafter, the Parties negotiated a stipulated protective order and electronically-stored information ("ESI") protocol and commenced fact discovery.

I.      Lead Plaintiff served his First Set of Requests for Production of Documents on September 29, 2017 and a Second Set of Requests for Production of Documents on December 4, 2017. He served his First Set of Interrogatories to Defendants on November 8, 2017. Meanwhile, Defendants served Document Requests and Interrogatories to Lead Plaintiff on November 7, 2017.

J.      On November 17, 2017, Lead Plaintiff filed and served his motion for class certification, together with the declaration of Dr. Adam Werner regarding market efficiency. Defendants took Dr. Werner's deposition on January 11, 2018. Lead Plaintiff's deposition was initially scheduled for mid-January, but was continued to February 2, 2018 to accommodate the January 30, 2018 mediation.

K.      While the motion for class certification was pending, the Parties agreed to attempt private mediation of the case. On January 30, 2018, the Parties participated in a full-day mediation session before experienced third-party mediator Michelle Yoshida, Esq. In advance of that session, Defendants produced approximately 3,700 pages of documents in response to Lead Plaintiff's document requests. Also in advance of the mediation session, the Parties exchanged and

3

provided detailed mediation statements, reply statements, and exhibits to Ms. Yoshida, which addressed the issues of both liability and damages. The session, which started at 9:00 a.m. and lasted until approximately 11:00 p.m., ended without an agreement being reached.

L.     Over the next two days, however, the Parties continued to explore the possibility of a settlement, including negotiating the parameters of confirmatory discovery. The Parties ultimately reached an agreement in principle to settle the Action, which was memorialized in a term sheet executed on February 1, 2018 (the "Term Sheet"). Upon the execution of the Term Sheet, Lead Plaintiff's deposition was taken off calendar.

M.     The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $5,750,000 for the benefit of the Settlement Class (as defined herein), subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers, *i.e.*, the Stipulation herein.

N.     The Term Sheet also provided for confirmatory discovery pertaining to the remaining allegations in the SAC, including, among other things, certain documents relating to study blinding and the Individual Defendants' communications with the Contract Research Organization ("CRO") conducting the Phase 3 Trial. In accordance therewith, Defendants produced approximately 10,820 documents (totaling 192,343 pages), which Lead Counsel reviewed.

O.     The Term Sheet further provided that, at any time prior to filing the motion for preliminary approval of the Settlement, which is to be filed on or about May 2, 2018, Lead Plaintiff, by and through Lead Counsel, would have the right to object to moving forward with the Settlement if, in his good faith discretion, he determined that the information or evidence produced in confirmatory discovery rendered the Settlement unfair, unreasonable, or inadequate. Per the Term Sheet, any

such objection would be directed to the mediator, Michelle Yoshida, Esq., who maintained authority over the Settlement to determine, by way of final, binding, non-appealable resolution, whether Lead Plaintiff would be entitled to withdraw from the Settlement based on the proffered information or evidence.

P.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Q.     Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Settlement, as embodied in this Stipulation, are fair, reasonable and adequate to, and in the best interests of, the members of the Settlement Class. Based on Lead Plaintiff's direct oversight of the prosecution of this matter, and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial and certain financial benefit that members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial, including the risk that Settlement Class members could receive a lesser amount than the Settlement confers, or even nothing, if litigation of the Action were to continue.

R.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Defendants expressly have denied and continue to deny that they have committed or intended to commit any wrongdoing or violations of law as alleged, or that could have been alleged, in any complaint in the Action, or any other actions, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants further contend that, for any purpose other than settlement, the Action is not appropriate for any form of class treatment. Defendants also have expressly denied and continue to deny that they made any material misstatements or omissions,

that they acted with the requisite state of mind, that any plaintiff or member of the Settlement Class has suffered any damages, that any plaintiff or member of the Settlement Class was harmed by any conduct alleged in this Action or that could have been alleged therein, or that the price of CytRx securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise. Accordingly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Settlement Class.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants, and all Released Defendants' Claims as against the Plaintiffs' Releasees

STIPULATION AND AGREEMENT OF SETTLEMENT

shall be finally and fully compromised, settled, resolved, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a)     "Action" means the consolidated securities class action in the matter styled *In re CytRx Corp. Sec. Litig.*, Case No. 2:16-cv-05519-SJO-SK, and includes all actions consolidated therein.

b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c)     "Authorized Claimant" means any Settlement Class Member who submits a Proof of Claim and Release Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

d)     "Claim(s)" means a Proof of Claim and Release Form submitted to the Claims Administrator.

e)     "Claim Form" or "Proof of Claim and Release Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A (the proposed Preliminary Approval Order), that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

g)     "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

h)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i)    "Court" means the United States District Court for the Central District of California.

j)    "CytRx" means CytRx Corporation.

k)    "CytRx Call Options" means call options on CytRx Common Stock.

l)    "CytRx Common Stock" means the common stock of CytRx Corporation (NASDAQ ticker CYTR).

m)    "CytRx Put Options" means put options on CytRx Common Stock.

n)    "Defendants" means CytRx, Steven A. Kriegsman, and John Y. Caloz.

o)    "Defendants' Counsel" means Pearson, Simon & Warshaw, LLP and Skadden, Arps, Slate, Meagher & Flom LLP.

p)    "Defendants' Releasee(s)" means, with respect to each Defendant, their Immediate Family members, heirs, executors, administrators, successors, and assigns, their present and former employees, officers, directors, parents, general partners, limited partners, attorneys, legal representatives, insurers, reinsurers, and agents of each of them, and any person or entity which is or was affiliated with any Defendant or in which any Defendant has or had a controlling interest, and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, general partners, limited partners, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them, in their capacity as such.

q)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 45 of this Stipulation

8

have been met and have occurred or have been waived.

r)      "Escrow Account" means an account maintained at The Huntington National Bank, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

s)      "Escrow Agent" means The Huntington National Bank, and its agents and successors. The Escrow Agent shall manage the Escrow Account for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation.

t)      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u)      "Excluded Claims" means: (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in the shareholder derivative action filed in the Delaware Court of Chancery, entitled *Zyontz v. Kriegsman et al.*, Case No. 2017-0738-JRS; and (iii) any claims of any person or entity who or which submits a timely and valid request for exclusion that is accepted by the Court.

v)      "FAC" means the corrected First Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiff in the Action on January 25, 2017.

w)      "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means when the last of the following shall occur: (i) expiration of the time for the filing of any motion to alter or amend the Judgment, or Alternate Judgment, under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any

further judicial review or appeal whatsoever, whether by reason of (a) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, (b) affirmance by a court of last resort, (c) the expiration of the time to file a petition for a writ of certiorari or other form of review, (d) the denial of a writ of certiorari or other form of review, (e) voluntary dismissal of the appeal, or (f) any other manner permitting the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. However, any proceeding or order, or any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses; (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) whether any individual Claim is determined to be valid shall not in any way delay or preclude a judgment from becoming Final.

x)    "Immediate Family" or "Immediate Families" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

y)    "Individual Defendants" means Steven A. Kriegsman and John Y. Caloz.

z)    "Judgment" means the order and final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

aa)   "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

bb)   "Lead Plaintiff" means Gregory Callender.

cc)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action, and include the costs and expenses of Lead Plaintiff directly related to his representation of the

10

STIPULATION AND AGREEMENT OF SETTLEMENT

402568.1 CYTRX2016

Settlement Class, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

dd) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

ee) "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Plan of Allocation, substantially in the form attached hereto as Exhibit 1 to Exhibit A (the proposed Preliminary Approval Order), which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

ff) "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

gg) "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

hh) "Party" or "Parties" means, respectively, each of the Defendants and the Lead Plaintiff, on behalf of himself and each of the Settlement Class Members, either individually or collectively.

ii) "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, or at the direction and under the supervision of Lead Counsel, performed services on behalf of Lead Plaintiff and the Settlement Class in the Action.

jj) "Plaintiffs' Releasees" means Lead Plaintiff, his respective attorneys, and all other Settlement Class Members.

STIPULATION AND AGREEMENT OF SETTLEMENT
402568.1 CYTRX2016

kk)   "Plan of Allocation" means the plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes, and such attorneys' fees and Litigation Expenses as may be awarded by the Court. The full Plan of Allocation is set forth in the Notice (attached hereto as Exhibit 1 to Exhibit A). The Plan of Allocation provides for *pro rata* payments to Settlement Class Members based upon each Settlement Class Member's "Recognized Claim," which shall be calculated as set forth in the Notice. This description of the Plan of Allocation is subject to the full Plan of Allocation as it appears in the Notice. Defendants and Defendants' Releasees shall have no responsibility for or liability with respect to the Plan of Allocation; *provided, however*, that nothing in this paragraph is intended to relieve Defendants of their obligation to cause payment of the Settlement Amount to the Escrow Account under the terms set forth in ¶ 11 herein.

ll)   "Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Plan of Allocation, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members.

mm)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

nn)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

oo)   "Recognized Claim" means the sum of a Settlement Class Member's Recognized Loss Amounts as determined under the Plan of Allocation.

STIPULATION AND AGREEMENT OF SETTLEMENT

402568.1 CYTRX2016

pp)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

qq)    "Released Defendant(s)" means any and all of the Defendants and each and all of the Defendants' Releasees.

rr)    "Released Defendants' Claim(s)" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or Settlement of the claims against Defendants; *provided, however*, that "Released Defendants' Claims" shall not include any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, under or related to any policies of insurance. Released Defendants' Claims also do not include any claims relating to the enforcement of the Stipulation, Settlement, or any claims against any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

ss)    "Released Plaintiffs' Claim(s)" means all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether known claims or Unknown Claims, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that are based upon, arise from, or relate to: (a) the subject matter of, or any facts alleged in, the SAC and any other complaints filed in this Action; or (b) any facts that could have been alleged in the SAC or any other complaints filed in this Action and relate to the purchase or acquisition of

13

CytRx Common Stock or CytRx Call Options, or sale of CytRx Put Options during the Settlement Class Period. Notwithstanding the foregoing, "Released Plaintiffs' Claim(s)" does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in the shareholder derivative action filed in the Delaware Court of Chancery, entitled *Zyontz v. Kriegsman et al.*, Case No. 2017-0738-JRS; and (iii) any claims of any person or entity who or which submits a timely and valid request for exclusion that is accepted by the Court.

tt)   "Releasee(s)" means each and any of the Released Defendants and each and any of the Plaintiffs' Releasees.

uu)   "Releases" means the releases set forth in ¶¶ 5-10 of this Stipulation.

vv)   "SAC" means the Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiff on June 29, 2017.

ww)   "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

xx)   "Settlement Amount" means $5,750,000 in cash.

yy)   "Settlement Class" means all persons or entities who purchased or otherwise acquired CytRx Common Stock or exchange-traded CytRx Call Options, or sold exchange-traded CytRx Put Options, during the period September 12, 2014 to July 11, 2016, inclusive (the "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are CytRx, Steven A. Kriegsman, and John Y. Caloz, the Officers and directors of CytRx at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns and any entity in which the Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

STIPULATION AND AGREEMENT OF SETTLEMENT

1   zz)   "Settlement Class Member(s)" means each person and entity who
2   or which fall within the definition of the "Settlement Class."

3   aaa)   "Settlement Class Period" means the period between
4   September 12, 2014 and July 11, 2016, inclusive.

5   bbb)   "Settlement Fund" means the Settlement Amount plus any and all
6   interest earned thereon as provided for herein.

7   ccc)   "Settlement Hearing" means the hearing set by the Court under
8   Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of
9   the Settlement.

10  ddd)   "Summary Notice" means the Summary Notice of (I) Pendency
11  of Class Action, Certification of Settlement Class, and Proposed Settlement; (II)
12  Settlement Fairness Hearing; (III) Motion for an Award of Attorneys' Fees and
13  Reimbursement of Litigation Expenses; and (IV) Plan of Allocation, substantially in
14  the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the
15  Preliminary Approval Order.

16  eee)   "Taxes" means: (i) all federal, state and/or local taxes of any kind
17  (including any interest or penalties thereon) on any income earned by the Settlement
18  Fund (including any taxes or tax detriments that may be imposed upon Defendants or
19  Defendants' Releasees with respect to any income earned by the Settlement Fund for
20  any period during which the Settlement Fund does not qualify as a "qualified
21  settlement fund" for federal or state income tax purposes); (ii) the expenses and costs
22  incurred by Lead Counsel in connection with determining the amount of, and paying,
23  any taxes owed by the Settlement Fund (including, without limitation, expenses of
24  tax attorneys and accountants); and (iii) all taxes imposed on payments by the
25  Settlement Fund, including withholding taxes.

26  fff)   "Unknown Claims" means any of the Released Plaintiffs' Claims
27  which Lead Plaintiff and/or any other Settlement Class Member does not know or
28  suspect to exist in his, her or its favor at the time of the release of such claims, and

any of the Released Defendants' Claims which any Released Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Releasees, or might have affected his, her, or its decision(s) with respect to this Settlement or decision not to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Defendants shall expressly waive and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law or foreign law, which is similar, comparable or equivalent in substance to California Civil Code § 1542. Lead Plaintiff, any other Settlement Class Member, Defendants and each of the Defendants' Releasees may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive and release, and each Settlement Class Member and Defendants' Releasees, shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever expressly

waived and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and each of the Defendants acknowledge, and the Settlement Class Members and the Defendants' Releasees shall be deemed by operation of law and the Judgment or the Alternate Judgment, if applicable, to have acknowledged, that the foregoing waiver and release was separately bargained for and a key element of the Settlement of which this waiver and release are a part.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement and for no other purpose, and subject to approval of the Court in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiff as class representative for the Settlement Class; and (c) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than settlement purposes. In the event that the Settlement upon the terms and conditions set forth in this Stipulation is not approved by the Court, is terminated, or the Effective Date does not occur for any reason, the certification of the Settlement Class automatically shall be revoked without requiring any additional action by the Parties or the Court, the provisions concerning certification shall have no effect whatsoever, and the Parties shall be restored *nunc pro tunc* to their respective positions in the Action immediately preceding the date of this Stipulation. In such event, Defendants reserve their right to object for any and all reasons to the certification of any class or sub-class or to the appointment of any plaintiff as a class representative, and this Stipulation shall not be used or considered in any way in connection with class certification or class representation.

STIPULATION AND AGREEMENT OF SETTLEMENT
402568.1 CYTRX2016

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     On or about May 4, 2018, after the execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice, approval of the publication of the Summary Notice, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

4.     Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants' Counsel shall, at Defendants' expense, serve proper notice of the Settlement upon the United States Attorney General and each State Attorney General. Simultaneously, Defendants shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel. Lead Counsel will request that the Settlement Hearing take place no fewer than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State officials are served with notice.

## RELEASE OF CLAIMS

5.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally and forever compromised, settled, resolved,

released, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Released Defendants, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants. This release shall not apply to any Excluded Claim.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, all Defendants, and each of them individually, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, resolved, released, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

8.      Subject to order of the Court, Lead Plaintiff and all other Settlement Class Members shall be barred and enjoined from commencing, prosecuting, or actively participating in any way in any action asserting any of the Released Plaintiffs' Claims, either directly, representatively, derivatively or in any other capacity, against each and all of the Released Defendants. The Parties agree that, if the Settlement does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any defense based on passage of time.

9.      Notwithstanding ¶¶ 5-8 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

10.     The Proof of Claim and Release Form to be executed by Settlement Class Members shall release all Released Plaintiffs' Claims against the Released

Defendants and shall be substantially in the form contained in Exhibit 2 to Exhibit A attached hereto.

## THE SETTLEMENT CONSIDERATION

11.     In consideration of the Settlement of the Action and the Released Plaintiffs' Claims against Defendants, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving the Stipulation and Settlement; or (b) Lead Counsel's provision to Defendants of payee information, including wire authorization, and an IRS Form W-9.

## USE OF SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 26-40 below.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any

account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund. The Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

14. The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

15. Subject to further order and/or direction as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

16. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are

21

necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

17.    All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior order from the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. In no event shall Defendants or the Defendants' Releasees have any responsibility for or liability with respect to the Taxes or the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

18.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

19.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative

1   expenses incurred and fees charged by the Claims Administrator in connection with
2   providing notice, administering the Settlement (including processing the submitted
3   Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is
4   terminated pursuant to the terms of this Stipulation, all Notice and Administration
5   Costs paid or incurred, including any related fees, shall not be returned or repaid to
6   Defendants or any other person or entity who or which paid any portion of the
7   Settlement Amount.

8       20.    It shall be Lead Counsel's responsibility to disseminate the Notice,
9   Postcard Notice, and Summary Notice to the Settlement Class in accordance with
10  this Stipulation and as ordered by the Court. Settlement Class Members shall have no
11  recourse as to the Released Defendants with respect to any claims they may have that
12  arise from any failure of the notice process.

13  **ATTORNEYS' FEES AND LITIGATION EXPENSES**

14      21.    Lead Counsel will apply to the Court for a collective award of
15  attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement
16  Fund, in an amount not to exceed 33.33% of the Settlement Fund. Lead Counsel also
17  will apply to the Court for reimbursement of their litigation expenses in an amount
18  not to exceed $150,000, and for reimbursement of Lead Plaintiff's costs and
19  expenses directly related to his representation of the Settlement Class in an amount
20  not to exceed $20,000, to be paid from (and out of) the Settlement Fund. Lead
21  Counsel's application for an award of attorneys' fees and/or Litigation Expenses is
22  not the subject of any agreement between Defendants and Lead Plaintiff other than
23  what is set forth in this Stipulation; Defendants take no position with respect to Lead
24  Counsel's request for an award of attorneys' fees, costs and expenses.

25      22.    Any attorneys' fees and Litigation Expenses that are awarded by the
26  Court shall be paid to Lead Counsel immediately upon the occurrence of both the
27  award and final approval of the Settlement by the Court, notwithstanding the
28  existence of any timely filed objections thereto, or potential for appeal therefrom, or

23
STIPULATION AND AGREEMENT OF SETTLEMENT

collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Effective Date does not occur, the Stipulation of Settlement is canceled, terminated or ineffective pursuant to the terms of this Stipulation or for any other reason or, if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, shall make the appropriate refund or repayment in full no later than five (5) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Each such Plaintiffs' Counsels' law firm, as a condition of any receipt of attorneys' fees and/or Litigation Expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

23.   An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any order, proceeding, or appeal from any order relating to the attorneys' fees and/or Litigation Expenses shall not operate to terminate or cancel the Stipulation or affect the validity or finality of the Judgment, or Alternate Judgment, if applicable, approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

STIPULATION AND AGREEMENT OF SETTLEMENT

24.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

25.     Defendants and the Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, either the award of attorneys' fees or Litigation Expenses, or the allocation among Plaintiffs' Counsel, and/or any other person who may assert some claim thereto, of any attorneys' fees and/or Litigation Expenses awarded by the Court.

## NOTICE AND SETTLEMENT ADMINISTRATION

26.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than CytRx's obligation to provide the names and addresses of record holders of CytRx Common Stock during the Settlement Class Period, as provided in ¶ 27 below, none of the Defendants shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

27.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the

Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.CytRxSecuritiesSettlement.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, CytRx shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) documentation or data in the possession of CytRx or its present or former transfer agents, if any, showing the names and addresses of the record holders of CytRx Common Stock, CytRx Call Options and CytRx Put Options during the Settlement Class Period.

28.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

29.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Released Defendant shall have any involvement with or liability,

obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

30.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

31.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

32.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)      Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, signed under penalty of perjury and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b)      All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class

Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendant with respect to any of the Released Plaintiffs' Claims. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d)      Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

e)      If any Claimant whose Claim has been rejected in whole or in

28

402568.1 CYTRX2016

part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on Notice to Defendants' Counsel; and

f)      The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court.

33.     Except for the obligation of Defendants to pay or cause payment of the Settlement Fund into the Escrow Account as set forth herein, and to cooperate in the production of information with respect to the identification of Settlement Class Members from CytRx's shareholder transfer records, as provided herein, Defendants and the Defendants' Releasees shall have no obligation, responsibility for, interest in, or liability whatsoever with respect to the administration, investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

34.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

35.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's

29

administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require.

36. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants with respect to any and all of the Released Plaintiffs' Claims.

37. No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendants and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

STIPULATION AND AGREEMENT OF SETTLEMENT
402568.1 CYTRX2016

38.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

39.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

40.     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a necessary term of the Stipulation and is to be considered by the Court separately from the Court's

consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the validity or finality of the Court's Judgment, or Alternate Judgment, if applicable, approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## **TERMS OF THE JUDGMENT**

41.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, which shall, among other things, contain provisions providing for a complete bar order in the Action, as follows in subparagraphs (a) – (d), and subject to ¶ 43 of this Stipulation, as well as a judgment reduction provision, as follows in ¶ 44:

a)     Except as provided below, any and all persons or entities are permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, continuing, prosecuting, or asserting, in any forum, any claim, cross-claim, counterclaim, third-party claim, or action  for indemnity or contribution against any of the Released Defendants (or any other claim against any of the Released Defendants where the alleged injury is that person's or entity's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), which is based upon, arises out of, or is related to the Released Plaintiffs' Claims, or have to do with the Settlement, this Stipulation and its exhibits, or any action taken by anyone pursuant to, or under color of, this Stipulation. Such aforementioned claims include, without limitation, any claims for allocation, recovery, or payment of settlement amounts or any other liability, whether arising under federal, state, local or foreign law, or equity, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or

STIPULATION AND AGREEMENT OF SETTLEMENT

1  elsewhere.

2        b)      Except as provided below, each of the Released Defendants is

3  permanently barred, enjoined, and restrained, to the fullest extent permitted by

4  applicable law, from commencing, continuing, prosecuting, or asserting, in any

5  forum, any claim, cross-claim, counterclaim, third-party claim, or action  for

6  indemnity or contribution against any person or entity (or any other claim against

7  any person or entity where the alleged injury is that Released Defendant's actual or

8  threatened liability to the Settlement Class or a Settlement Class Member in the

9  Action), which is based upon, arises out of, or is related to the Released Plaintiffs'

10 Claims, or have to do with the Settlement, this Stipulation and its exhibits, or any

11 action taken by anyone pursuant to, or under color of, this Stipulation. Such

12 aforementioned claims include, without limitation, any claims for allocation,

13 recovery, or payment of settlement amounts or any other liability, whether arising

14 under federal, state, local or foreign law, or equity, whether asserted in the Action, in

15 this Court, in any federal or state court, or in any other court, arbitration proceeding,

16 administrative agency, or other forum in the United States or elsewhere.

17        c)      Nothing in this complete bar order shall prevent any person or

18 entity who submits a timely and valid request for exclusion from the Settlement

19 Class that is accepted by the Court from pursuing any Released Plaintiffs' Claim

20 against any Defendants or any of the Defendants' Releasees. If any such person or

21 entity pursues any such Released Plaintiffs' Claim against any Defendants or

22 Defendants' Releasees, nothing in this complete bar order or in this Stipulation shall

23 operate to preclude such Defendants or other Defendants' Releasees from asserting

24 any claim of any kind against such person or entity, including any Released

25 Defendants' Claims (or seeking contribution or indemnity from any such person or

26 entity).

27        d)      If any provision of this complete bar order is subsequently held to

28 be unenforceable or modified, the Parties shall propose to the Court alternative terms

so as to afford all of the Defendants and the other Defendants' Releasees the fullest protection permitted by law consistent with the Court's view.

42. The Parties agree that the terms of this Stipulation shall be satisfied if either (a) the complete bar order set forth in ¶ 41 above, or (b) a bar order to the fullest extent allowable under the PSLRA, is included in the Judgment (or in the Alternate Judgment, if applicable) that is entered by the Court. Should the Court enter a bar order other than that referenced in (a) or (b) of the preceding sentence (or if a bar order referenced in (a) or (b) of the preceding sentence is entered but its terms are materially modified on appeal, or is vacated on appeal and not subsequently reinstated), and if a dispute arises as to whether the failure to obtain entry of a bar order referenced in (a) or (b) of the preceding sentence provides a basis for Defendants or Lead Plaintiff to terminate the Settlement, then the Parties shall submit the dispute to the Court.

43. Notwithstanding anything to the contrary herein, nothing in this Stipulation, the Judgment, the Alternate Judgment, if applicable, or the complete bar order shall operate to release any claim by Defendants or the other Defendants' Releasees for insurance or reinsurance coverage, or otherwise preclude Defendants or the other Defendants' Releasees from asserting any claims against their own insurers or reinsurers.

44. Any final verdict or Judgment obtained by or on behalf of Lead Plaintiff or the Settlement Class against any person or entity, other than the Defendants, relating to the Released Plaintiffs' Claims, shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Defendants, or (ii) the amount paid to the Lead Plaintiff or the Settlement Class on behalf of the Defendants in the Settlement.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

45. The Effective Date of the Settlement shall be deemed to occur on the

occurrence or waiver of all of the following events:

a)      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b)      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

c)      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 50 below);

d)      Lead Plaintiff has not exercised his option to terminate or withdraw from the Settlement pursuant to the provisions of this Stipulation; and

e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

46.    Upon the occurrence of all of the events referenced in ¶ 45 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

47.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate or withdraw from the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; (iv) the Effective Date as to the Settlement fails to occur; or (v) the Stipulation fails to become effective for any reason, including, without limitation, in the event the Judgment, or Alternate Judgment, as applicable, is reversed or vacated following any appeal taken therefrom, or is successfully

collaterally attacked, then:

a) The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b) Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of February 1, 2018.

c) The terms and provisions of this Stipulation, with the exception of this ¶ 47 and ¶¶ 19, 22, 53, 58, 81 and 82, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d) Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 22 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent by wire transfer to the persons or entities who deposited the Settlement Amount pursuant to the written instructions from Defendants' Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to the persons or entities who deposited the Settlement Amount, pursuant to written instructions from Defendants' Counsel.

48. It is further stipulated and agreed that Lead Plaintiff and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final

refusal to approve the Stipulation or Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (f) as otherwise set forth in the Parties' Supplemental Agreement, as provided below. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

49.    The Settlement Hearing shall be held at a date and time convenient to the Court, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate as to the Settlement Class and should be approved by the Court; whether a Judgment, or Alternate Judgment, as applicable, should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of attorneys' fees and/or Litigation Expenses that should be awarded.

50.    In addition to the grounds set forth in ¶ 48 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class ("Requests for Exclusion") meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. Lead Counsel and Defendants' Counsel shall jointly request that the deadline for submitting Requests for Exclusion from the Settlement Class be no later than twenty-one (21) calendar days prior to the

1  Settlement Hearing. All the terms of the Supplemental Agreement, which is being

2  executed concurrently herewith, are hereby incorporated in this Stipulation (and vice

3  versa); however, the Supplemental Agreement shall not be filed with the Court and

4  its terms shall not be disclosed in any other manner (other than the statements herein

5  and in the Notice, to the extent necessary, or as otherwise provided in the

6  Supplemental Agreement) unless and until a dispute among the Parties concerning its

7  interpretation or application arises. If required by the Court, the Supplemental

8  Agreement and/or any of its terms may be disclosed in camera to the Court for

9  purposes of approval of the Settlement, but such disclosure shall be carried out to the

10 fullest extent possible in accordance with the practices of the Court so as to preserve

11 the confidentiality of the Supplemental Agreement, particularly the threshold

12 aggregate number of shares. The Claims Administrator shall send copies of all

13 Requests for Exclusion received to Defendants' Counsel and to Lead Counsel within

14 three (3) business days of receipt and in any event no fewer than eighteen (18)

15 calendar days before any Settlement Hearing.

16      51.    No order of the Court or modification or reversal on appeal of any order

17 of the Court concerning the Plan of Allocation or the amount of any attorneys' fees,

18 costs, expenses, and interest awarded by the Court to Lead Plaintiff or Plaintiffs'

19 Counsel shall constitute grounds for cancellation or termination of the Stipulation.

20                        **<u>NO ADMISSION OF WRONGDOING</u>**

21      52.    Defendants deny that they have committed or intended to commit any

22 wrongdoing or violations of law as alleged in any complaint in the Action, and

23 maintain that their conduct was at all times proper and in compliance with applicable

24 provisions of law; and Defendants further deny that they made any material

25 misstatements or omissions, that they acted with the requisite state of mind, that any

26 plaintiff has suffered any damages, or that any plaintiff was harmed by any conduct

27 alleged in this Action or that could have been alleged therein.

28      53.    The Term Sheet, this Stipulation (whether or not consummated and

402568.1 CYTRX2016

whether or not approved by the Court), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the discussions, negotiations, acts performed, proceedings, communications, drafts, documents, or agreements relating to the Term Sheet, this Stipulation, the Settlement, and any matters arising in connection with them:

a) shall not be offered or received against or to the prejudice of any Released Defendant for any purpose other than in an action to enforce the terms of the Term Sheet, this Stipulation, and the Settlement, and in particular do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Released Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Released Defendants with respect to: (i) the truth of any allegation in any complaint filed, or any amended complaint proposed to be filed, in this Action; (ii) the validity of any claim that has been or could have been asserted in this Action or in any litigation or proceeding in any forum; (iii) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault, or wrongdoing of any Released Defendant whatsoever;

b) shall not be offered or received against, or to the prejudice of, any Released Defendant, in the Action or any action, as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant, or against Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

c) shall not be offered or received against or to the prejudice of any Released Defendant, in the Action or any action, as evidence of a presumption, concession, or admission of any liability, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this

Stipulation or any of the Releasees, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided, however*, that if this Stipulation is approved by the Court, the Releasees may refer to it to effectuate the release granted them hereunder;

d)   shall not be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Released Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; and

e)   shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

54.   The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

55.   The Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or

1    modifications to the exhibits attached hereto that might be necessary to carry out any
2    of the provisions of this Stipulation.

3        56.    All of the exhibits attached hereto are hereby incorporated by reference
4    as though fully set forth herein. Notwithstanding the foregoing, in the event that
5    there exists a conflict or inconsistency between the terms of this Stipulation and the
6    terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

7        57.    Defendants warrant that, as to the payments made or to be made by or
8    on behalf of them, at the time of entering into this Stipulation and at the time of such
9    payment they, or to their knowledge any persons or entities contributing to the
10   payment of the Settlement Amount, were not insolvent, nor will the payment
11   required to be made by or on behalf of them render them insolvent, within the
12   meaning of and/or for the purposes of the United States Bankruptcy Code, including
13   §§ 101 and 547 thereof. This representation is made by each of the Defendants and
14   not by their counsel.

15       58.    In the event of the entry of a final order of a court of competent
16   jurisdiction determining the transfer of money to the Settlement Fund or any portion
17   thereof by or on behalf of Defendants to be a preference, voidable transfer,
18   fraudulent transfer or similar transaction and any portion thereof is required to be
19   returned, and such amount is not promptly deposited into the Settlement Fund by
20   others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall
21   jointly move the Court to vacate and set aside the Releases given and the Judgment
22   or Alternate Judgment, if applicable, entered in favor of Defendants and the other
23   Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or
24   Alternate Judgment, if applicable, shall be null and void, and the Parties shall be
25   restored to their respective positions in the litigation as provided in ¶ 47 above and
26   any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with
27   respect to the Settlement Fund and less any Notice and Administration Costs actually
28   incurred, paid or payable) shall be returned as provided in ¶ 47.

STIPULATION AND AGREEMENT OF SETTLEMENT

59.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants with respect to the Action and the Released Plaintiffs' Claims. Accordingly, Lead Plaintiff and his counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis. The Settlement compromises all claims that were contested, or could have been contested, and shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Judgment will contain a statement that, during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Michelle Yoshida, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. The Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

60.     Any of the Released Parties may file the Stipulation and/or the Judgment, or Alternate Judgment, as applicable, in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or

42

STIPULATION AND AGREEMENT OF SETTLEMENT

similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies. The Parties may file this Stipulation and/or the Final Judgment and order in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment, or Alternate Judgment, as applicable.

61.    This Stipulation shall not be subject to collateral attack by any Settlement Class Member or any recipient of the Notice after the Judgment, or Alternate Judgment, as applicable, is entered.

62.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

63.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest). Amendments and modifications may be made without additional notice to the Settlement Class unless such notice is required by the Court.

64.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

65.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this

1   Stipulation, including the Plan of Allocation (or such other plan of allocation as may
2   be approved by the Court) and the distribution of the Net Settlement Fund to
3   Settlement Class Members.

4   66.   The waiver by one Party of any breach of this Stipulation by any other
5   Party shall not be deemed a waiver of any other prior or subsequent breach of this
6   Stipulation.

7   67.   This Stipulation and its exhibits and the Supplemental Agreement
8   constitute the entire agreement among Lead Plaintiff and Defendants as to the
9   subject matter hereof and supersede any prior or contemporaneous written or oral
10  agreements or understandings between the Parties. All Parties acknowledge that no
11  other agreements, representations, warranties, or inducements have been made by
12  any Party hereto concerning this Stipulation, its exhibits or the Supplemental
13  Agreement other than those contained and memorialized in such documents. A
14  complete set of original executed counterparts shall be filed with the Court.

15  68.   All of the exhibits to the Stipulation are material and integral parts
16  hereof and are fully incorporated herein by this reference.

17  69.   This Stipulation may be executed in one or more counterparts, including
18  by signature transmitted via facsimile, or by a .pdf/.tif image of the signature
19  transmitted via email, and any signature thereby transmitted shall be deemed an
20  original signature for purposes of this Stipulation. All executed counterparts and
21  each of them shall be deemed to be one and the same instrument.

22  70.   This Stipulation shall be binding upon and inure to the benefit of the
23  heirs, executors, administrators, trustees, parents, successors and assigns of the
24  Parties, including any and all Releasees and any corporation, trust, partnership, or
25  other entity into or with which any Party heretofore has merged or with which it has
26  been consolidated or hereafter may merge, consolidate or reorganize.

27  71.   The Court shall retain jurisdiction with respect to implementation and
28  enforcement of the terms of the Stipulation.

STIPULATION AND AGREEMENT OF SETTLEMENT

72.     This Court shall be the sole and exclusive forum for any action brought by the Parties or Settlement Class Members for purposes of implementing and enforcing the Settlement embodied in the Stipulation, and the Parties and Settlement Class Members have been deemed to have consented to the personal jurisdiction of this Court in connection with any such action.

73.     The Stipulation and the exhibits attached hereto and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California. The rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, and the construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

74.     Pending final approval by the Court of the Stipulation and its exhibits, all proceedings in this Action shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants.

75.     If, at any time prior to filing a motion for preliminary approval of the Settlement, which is to be filed on or about May 4, 2018, Lead Plaintiff, by and through Lead Counsel, in their good faith discretion, determine that information or evidence produced in confirmatory discovery renders the Settlement unfair, unreasonable, or inadequate, Lead Plaintiff may lodge an objection to the Settlement with the mediator, Michelle Yoshida, Esq., who maintains authority over the Settlement to determine, by way of final, binding, non-appealable resolution, whether Lead Plaintiff is entitled to withdraw from the Settlement based on the proffered information or evidence. After the filing of a motion for preliminary approval of the Settlement, any action arising under or to enforce this Stipulation or

any portion thereof, shall be commenced and maintained only in the Court.

76.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

77.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

78.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

79.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Lead Plaintiff or Lead Counsel: | Glancy Prongay & Murray LLP<br>Attn:  Alexa Mullarky, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone:  (310) 201-9150<br>Facsimile:   (310) 201-9160<br>Email: amullarky@glancylaw.com |
|---|---|
| If to Defendants: | Pearson, Simon & Warshaw, LLP<br>Attn:  Michael H. Pearson, Esq.<br>15165 Ventura Boulevard, Suite 400<br>Sherman Oaks, California 91403<br>Telephone:  (818) 788-8300<br>Facsimile:   (818) 788-8104 |

Email: mpearson@pswlaw.com

*– and –*

Skadden, Arps, Slate, Meagher & Flom LLP
Attn:  Allen L. Lanstra, Esq.
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
Email: allen.lanstra@skadden.com

80.     Except as otherwise provided herein, each Party shall bear its own costs.

81.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

82.     Except as otherwise provided for herein, all agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

83.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

402568.1 CYTRX2016

1    **IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to

2    be executed, by their duly authorized attorneys, as of May 4, 2018.

3                                    GLANCY PRONGAY & MURRAY LLP

4                                    By: _____

5                                    Kara M. Wolke
                                     Jonathan M. Rotter

6                                    Alexa Mullarky
                                     1925 Century Park East, Suite 2100

7                                    Los Angeles, California 90067
                                     Telephone:  (310) 201-9150

8                                    Facsimile:  (310) 201-9160
                                     Email:  info@glancylaw.com

9                                    *Lead Counsel for Lead Plaintiff and the*

10                                   *Settlement Class*

11                                   PEARSON, SIMON & WARSHAW, LLP

12                                   By: _____
                                     Clifford H. Pearson

13                                   Michael H. Pearson
                                     15165 Ventura Boulevard, Suite 400

14                                   Sherman Oaks, California 91403
                                     Telephone:  (818) 788-8300

15                                   Facsimile:  (818) 788-8104

16                                   Neil Swartzberg
                                     44 Montgomery Street, Suite 2450

17                                   San Francisco, California 94104
                                     Telephone:  (415) 433-9000

18                                   Facsimile:  (415) 433-9008

19                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM LLP

20                                   By: _____

21                                   Allen L. Lanstra

22                                   300 South Grand Avenue, Suite 3400
                                     Los Angeles, California 90071-3144

23                                   Telephone:  (213) 687-5000

24                                   Facsimile:  (213) 687-5600

25                                   *Counsel for Defendants*

26

27

28

402568.1 CYTRX2016

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On May 4, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 4, 2018, at Los Angeles, California.


*s/ Kara M. Wolke*
Kara M. Wolke

# Mailing Information for a Case 2:16-cv-05519-SJO-SK Nicholas Crihfield v. CytRx Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **J Alexander Hood , III**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Winston Ping Hsiao**
  winston.hsiao@skadden.com

- **John Christopher Korevec**
  john.korevec@skadden.com

- **Allen L Lanstra**
  allen.lanstra@skadden.com,dlmlclac@skadden.com,al.chua@skadden.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com

- **Danielle Leigh Manning**
  dmanning@glancylaw.com

- **Adam C McCall**
  amccall@zlk.com

- **Alexa Mullarky**
  amullarky@glancylaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Clifford H Pearson**
  cpearson@pswlaw.com,mpearson@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com

- **Michael Harrison Pearson**
  mpearson@pswlaw.com

- **Lesley F Portnoy**
  LPortnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-

0232@ecf.pacerpro.com,bmurray@glancylaw.com,JCohen@glancylaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Jonathan M Rotter**
  jrotter@glancylaw.com,jonathan-rotter-5262@ecf.pacerpro.com

- **Kasonni M Scales**
  kasonni.scales@skadden.com

- **Neil Swartzberg**
  nswartzberg@pswlaw.com,yberry@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com

- **Kara M Wolke**
  kwolke@glancylaw.com,info@glancylaw.com,kara-wolke-0535@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)