# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re CytRx Corporation Securities Litigation | Case No.: 2:16-CV-05519-SJO-SK<br>Consolidated with case<br>CV 16-05666 SJO (SKx) |
| NICHOLAS CRIHFIELD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTRX CORPORATION, STEVEN A. KRIEGSMAN, and JOHN Y. CALOZ,<br><br>Defendants. | Honorable S. James Otero |



FILED
CLERK, U.S. DISTRICT COURT

September 17, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: VPC DEPUTY

## **JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated class action is pending in this Court entitled *In re CytRx Corporation Securities Litigation*, Case No. 2:16-CV-05519-SJO-SK (the "Action");

WHEREAS, (a) Lead Plaintiff Gregory Callender, on behalf of himself and the Settlement Class (defined below), and (b) defendants CytRx Corporation ("CytRx"), Steven A. Kriegsman ("Kriegsman"), and John Y. Caloz ("Caloz") (collectively, "Defendants," and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated May 4, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated June 20, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that

1

notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on September 17, 2018 (the "Settlement Hearing") to consider, among other things, whether: (a) the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 4, 2018; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on May 4, 2018.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired CytRx Common Stock or exchange-traded CytRx Call Options, or sold exchange-traded

CytRx Put Options, during the period September 12, 2014 to July 11, 2016, inclusive (the "Settlement Class Period") and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are CytRx, Steven A. Kriegsman, and John Y. Caloz, the Officers and directors of CytRx at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns and any entity in which the Defendants have or had a controlling interest. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys'

fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and all other applicable law and rules. It is further ordered that all members of the Settlement Class (excluding those persons or entities listed on Exhibit 1 hereto) are bound by the Judgment herein.

6. **Final Settlement Approval and Dismissal and Bar of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court further finds that the record is sufficiently developed and complete to have enabled the Parties to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims in any complaint asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. Upon the Effective Date, any and all persons or entities are permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law,

from commencing, continuing, prosecuting, or asserting, in any forum, any claim, cross-claim, counterclaim, third-party claim, or action for indemnity or contribution against any of the Released Defendants (or any other claim against any of the Released Defendants where the alleged injury is that person's or entity's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), which is based upon, arises out of, or is related to the Released Plaintiffs' Claims, or have to do with the Settlement, this Stipulation and its exhibits, or any action taken by anyone pursuant to, or under color of, this Stipulation. Such aforementioned claims include, without limitation, any claims for allocation, recovery, or payment of settlement amounts or any other liability, whether arising under federal, state, local or foreign law, or equity, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

9.  Except as provided in paragraph 12 below, each of the Released Defendants is permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, continuing, prosecuting, or asserting, in any forum, any claim, cross-claim, counterclaim, third-party claim, or action for indemnity or contribution against any person or entity (or any other claim against any person or entity where the alleged injury is that Released Defendant's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), which is based upon, arises out of, or is related to the Released Plaintiffs' Claims, or have to do with the Settlement, this Stipulation and its exhibits, or any action taken by anyone pursuant to, or under color of, this Stipulation. Such aforementioned claims include, without limitation, any claims for allocation, recovery, or payment of settlement amounts or any other liability, whether arising under federal, state, local or foreign law, or equity, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

10. Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), and other applicable law, the Court hereby bars all barred claims against and by the Released Defendants as provided herein and in the Stipulation.

11. Any final verdict or Judgment obtained by or on behalf of Lead Plaintiff or the Settlement Class against any person or entity, other than the Defendants, relating to the Released Plaintiffs' Claims, shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Defendants, or (ii) the amount paid to the Lead Plaintiff or the Settlement Class on behalf of the Defendants in the Settlement.

12. Nothing in this complete bar order shall prevent the persons and entities listed on Exhibit 1 hereto, who or which submitted a timely and valid request for exclusion from the Settlement Class, from pursuing any Released Plaintiffs' Claim against any Defendants or any of the Defendants' Releasees. If any such person or entity pursues any such Released Plaintiffs' Claim against any Defendants or Defendants' Releasees, nothing in this complete bar order or in the Stipulation shall operate to preclude such Defendants or other Defendants' Releasees from asserting any claim of any kind against such person or entity, including any Released Defendants' Claims (or seeking contribution or indemnity from any such person or entity).

13. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

14. **<u>Releases</u>** – The Releases set forth in paragraphs 5 through 10 of the

Stipulation, together with the definitions contained in paragraph 1(pp)-(uu) of the Stipulation relating thereto and defined in paragraph 14(c)-(d) below, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a) Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against each and all of the Released Defendants (as defined in the Stipulation), and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants, regardless whether or not such Settlement Class Member executed and delivered a Claim Form. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(u) of the Stipulation).

b) Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

c) "Released Plaintiffs' Claim(s)" means all claims, suits, actions,

7

appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether known claims or Unknown Claims, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that are based upon, arise from, or relate to: (a) the subject matter of, or any facts alleged in, the SAC and any other complaints filed in this Action; or (b) any facts that could have been alleged in the SAC or any other complaints filed in this Action and relate to the purchase or acquisition of CytRx Common Stock or CytRx Call Options, or sale of CytRx Put Options during the Settlement Class Period. Notwithstanding the foregoing, "Released Plaintiffs' Claim(s)" does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in the shareholder derivative action filed in the Delaware Court of Chancery, entitled *Zyontz v. Kriegsman et al.*, Case No. 2017-0738-JRS; and (iii) any claims relating to the enforcement of the Settlement, and any claims of the persons or entities listed in Exhibit 1 hereto, who or which submitted a timely and valid request for exclusion from the Settlement Class.

        d)     "Unknown Claims" means any of the Released Plaintiffs' Claims which Lead Plaintiff and/or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any of the Released Defendants' Claims which any Released Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Releasees, or might have affected his, her, or its decision(s) with respect to this Settlement or decision not to object to this Settlement.

With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Defendants shall expressly waive and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law or foreign law, which is similar, comparable or equivalent in substance to California Civil Code § 1542. Lead Plaintiff, any other Settlement Class Member, Defendants and each of the Defendants' Releasees may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the Released Claims, but the Parties stipulated and agreed that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive and release, and each Settlement Class Member and Defendants' Releasees, shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever, expressly waived and released any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and each of the Defendants acknowledges and the Settlement Class Members and the Defendants' Releasees shall be deemed by operation of law and the Judgment or the Alternate Judgment, if applicable, to have acknowledged, that the

foregoing waiver and release was separately bargained for and a key element of the Settlement of which this waiver and release is a part.

15. Notwithstanding paragraph 14 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action and all proceedings herein.

17. **Claim Forms** – Only those Settlement Class Members filing valid Claim Forms shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Claim Form to be executed by Class Members shall further release all Released Plaintiffs' Claims against the Released Defendants. All Settlement Class Members who or which did not submit a timely and valid request for exclusion shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Claim Form.

18. **No Claims Against Defendants** – No Settlement Class Member shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Settlement Class Member shall have any claim against Defendants, Defendants' Counsel, or any of the Defendants' Releasees with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Settlement Class Members.

19. **Finality of Judgment** – Any order approving or modifying the Plan of Allocation set forth in the Notice or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses and/or Lead Plaintiff's request for reimbursement of costs and expenses (including lost wages) in connection with his representation of the Settlement Class shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

20. **No Admissions** – This Judgment, the Term Sheet, the Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the discussions, negotiations, acts performed, proceedings, communications, drafts, documents, or agreements relating to the Term Sheet, the Stipulation, the Settlement, and any matters arising in connection with them:

    a) shall not be offered or received against or to the prejudice of any Defendant or Defendants' Releasee for any purpose other than in an action to enforce the terms of the Term Sheet, the Stipulation, and the Settlement, and in particular do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Defendant or Defendants' Releasee as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Defendants or Defendants' Releasees with respect to: (i) the truth of any allegation in any complaint filed, or any amended complaint proposed to be filed, in this Action; (ii) the validity of any claim that has been or could have been asserted in this Action or in any litigation or proceeding in any forum; (iii) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault, or wrongdoing of any Defendant or Defendants' Releasee whatsoever.

    b) shall not be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption,

11

concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and

c) shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

21. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

22. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

23. **Modification of the Agreement of Settlement** – Without further

approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 1, 2018, as provided in the Stipulation.

25. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. Immediately upon entry of this Judgment, the operative Second Consolidated Amended Class Action Complaint For Violations of the Federal Securities Laws, (Dkt. 75), in this Action shall be dismissed with prejudice.

SO ORDERED this 17th day of September, 2018.

*S. James Otero*

_____
The Honorable S. James Otero
United States District Court Judge

# Exhibit 1

## List of Persons and Entities Excluded from the Settlement Class Pursuant to Request

1. Rakesh Bhakta
   The Colony, TX

2. Robert L. Weileman IV
   Covington, LA

3. Lynn S. Miller
   Portland, ME

4. Charles Woolley
   Springfield, MO